*Lee &. Rodman, for appellant.*
*Howell, for appellee.*

---

## M. E. McCauley *v.* Bettie Wood, &c.

**Infants—Contracts by Parent for Board and Tuition.**

> Where a mother, in her lifetime, contracted with a third party for board and tuition of her children, that contract can only be enforced against the parent and not against the separate estate of the infants.

APPEAL FROM MARION CIRCUIT COURT.

December 16, 1871.

Opinion of the Court by Judge Pryor:

The proof in this case shows a special contract made by the mother of the infants in regard to their board and tuition with the appellant. The mother at the time she made this contract was a feme covert. The husband of Mrs. Wood and father of the children who are sued is still living. One of the alleged causes for reversal, is the refusal of the court to permit an amended pleading filed, by which the mother's property is sought to be made liable. This question can not now be made, as the appellant, of her own motion, dismissed the case as against Mrs. Wood, and there is no suit pending against her. The court below should have dismissed the suit as against the appellees. They were both infants

when the debt was contracted. The proof shows that the contract was made by the mother, and that the father is alive, and we do not well see how an action at law can be maintained against the children upon such a state of fact; nor does the amended petitions offered to be filed present any better cause of action as against them. There are causes where a court of equity has subjected the estate of an infant, or rather the income of an estate, for boarding and schooling the infant, where the mother and father were both insolvent, and the income of the infants were amply sufficient to pay, etc. We see no reason for disturbing the judgment of the court below. Judgment affirmed.

*Russell & Arvitt,* for appellant.
*R. & F.,* for appellees.